IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN RAY CHEEK, #42969-177,<br>Petitioner, | §<br>§<br>§ | |
| v. | § | 3:13-CV-2550-D-BK |
| | § | (3:11-CR-157-D-1) |
| UNITED STATES OF AMERICA,<br>Respondent. | §<br>§ | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255.  For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to bank robbery and using, carrying, and brandishing a firearm during or in relation to a crime of violence (Counts 2 and 3) and was sentenced to 57 and 84 months imprisonment to run consecutively, and a 3-year term of supervised release.  *United States v. Cheek*, 3:11-CR-0157-D-1 (N.D. Tex. Jan 20, 2012), *appeal dismissed based on Anders v. California*, No. 12-10113 (5th Cir. Jan. 22, 2013).  In the sole ground raised in this timely section 2255 motion, Petitioner asserts "actual innocence of the consecutive sentence because . . . [28 U.S.C.] § 924(c) does not call for [a] consecutive sentence."  (Doc. 1 at 2).

**II. ANALYSIS**

This section 2255 motion is subject to summary dismissal.  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving

party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To the extent Petitioner challenges the misapplication of the United States Sentencing Guidelines, his claim does not give rise to a constitutional issue cognizable under section 2255. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999) (citing *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994); *United States v. Faubion*, 19 F.3d 226, 233 (5th Cir. 1994)). Under section 2255, a petitioner may raise only constitutional errors and other injuries that could not have been raised on direct appeal and that will result in a miscarriage of justice if left unaddressed. *See Faubion*, 19 F.3d at 233 (defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in postconviction proceeding to vacate, set aside, or correct sentence).

Nevertheless, the Presentence Investigation Report (PSR) correctly noted that 18 U.S.C. § 924(c) required a mandatory seven-year (84-month) term of imprisonment to run consecutive to any other sentence imposed. PSR ¶¶ 29, 60. While section 924(c) does not use the term concurrent/consecutive, as Petitioner aptly notes (Doc. 1 at 2), it specifically provides that a person who possesses, uses, or carries a firearm during a crime of violence, "shall, <u>in addition</u> to the punishment provided for such crime of violence . . . be sentenced to a term of imprisonment

of not less than 7 years," if the firearm is brandished. 18 U.S.C. § 924(c)(1)(A)(ii) (emphasis added); *see also United States v. Krumnow*, 476 F.3d 294, 297 (5th Cir. 2007) (statutory-minimum sentence for firearm-possession conviction under section 924(c)(1)(A) is a consecutive sentence. Accordingly, Petitioner's claim fails.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED July 10, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE